953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Anthony DAVIS, Defendant-Appellant.
 No. 90-5308.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1991.
Decided Jan. 7, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-89-32)
 Argued: Ronnie Monroe Mitchell, Harris, Sweeny, Mitchell, Hancox & Vanstory, Fayetteville, N.C., for appellant; Frederic Louis Borch, III, Special Assistant United States Attorney, Raleigh, N.C., for appellee.
 On Brief: Margaret Person Currin, United States Attorney, Raleigh, N.C., Thomas Dworschak, Special Assistant United States Attorney, Office of the Staff Judge Advocate, Fort Bragg, N.C., for appellee.
 E.D.N.C.
 REVERSED AND REMANDED.
 Before DONALD RUSSELL, WIDENER and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Anthony Davis appeals from his jury convictions of two counts of statutory rape on the territorial jurisdiction of the United States (Fort Bragg Reservation) in violation of 18 U.S.C. § 2243 (1988).* Because we find reversible error in the jury instructions, we reverse.
 
 I.
 
 2
 In February 1989, two girls reported to the military authorities at Fort Bragg, North Carolina, that they had engaged in sexual intercourse with Davis. After being advised of his rights to counsel and to remain silent, Davis was interviewed by the military authorities investigating the charge. In the course of the interview, Davis signed a waiver form and made a statement to the investigating officers. In his statement, Davis admitted that he engaged in sexual intercourse with the two girls. Although the young women first reported that they had had sexual relations with two men, they later admitted at trial that only Davis was involved in the incident and that he exerted no force over them. The indictment charge of statutory rape rested upon the claim that the girls were under the statutory age for consent. Davis was convicted by a jury.
 
 II.
 
 3
 Davis relied basically on his affirmative defense that he reasonably believed the two girls were at the age of consent. 18 U.S.C. § 2243(c). At the trial, Davis testified that he was surprised to learn that both girls were only fourteen years old at the time he had sexual intercourse with them. He stated that one told him that she was seventeen years old and that both girls appeared to be older than their actual ages. An acquaintance of one of the girls testified that she knew of the girl's habit of telling strangers that she was older than her actual age. Davis claims to have assumed, on the basis of his information, that the girls were over fourteen years of age.
 
 
 4
 The government's evidence tended to establish positively that the girls were actually fourteen at the time of the incident and that Davis was more than four years older. Prior to instructing the jury, the court opined, out of the presence of the jury, that "there's nothing for a jury to determine other than the affirmative defense [that he reasonably believed the girls were at least sixteen years of age]." (J.A. at 217.) The court proposed that the charge to the jury "take the form of a special interrogatory on whether the defendant has proven [the affirmative defense] by a preponderance of the evidence[,]" thereby accepting as proved the elements of the crime of statutory rape. Id. After returning from a recess, the following exchange occurred out of the presence of the jury:
 
 
 5
 DEFENSE COUNSEL: I object to special verdict form. I think that it tends to make the burden of proof issue look like the defendant bears a burden of proof beyond a reasonable doubt. I don't know how well the jury is able to distinguish the evidence without a preponderance; that's my concern.
 
 
 6
 We had submitted proposed jury instructions on that topic that mentioned both reasonable doubt and preponderance and I request the court consider giving those.
 
 
 7
 THE COURT: Miss Manton, your client has taken the witness stand and admitted every single element necessary to convict him.
 
 
 8
 DEFENSE COUNSEL: Yes, sir.
 
 
 9
 THE COURT: I assume that's beyond all possible doubt. If he admits it, says I did it, that's it. The only question, seems to me, that remains is the question of whether he can establish his affirmative defense.
 
 
 10
 DEFENSE COUNSEL: Yes, sir.
 
 
 11
 THE COURT: It just seems to me like it's going to be confusing from your client's standpoint to try to explain that to the jury, that even though he said he did it the burden is still on the government to prove that but if they prove that then the defendant has a chance to prove this. It just seems to me it's much clearer and straightforward and the jury can understand it better and I can't see how it's going to hurt your client at all because the definition of preponderance of the evidence is such a small burden that he has.
 
 
 12
 DEFENSE COUNSEL: Maybe if the court could explain in terms of both the reasonable doubt and preponderance because I think the jury comes in a criminal case and they hear reasonable doubt--
 
 
 13
 THE COURT: I will tell them the reasonable doubt, of course, does not apply. It only applies to the government's burden of proof. Of course, I'll explain that very carefully.
 
 
 14
 (J.A. at 218-19.)
 
 
 15
 In a later exchange between the court and the prosecutor during this same hearing, the prosecutor commented that it seemed "the government no longer has the burden of proof in this case." The court responded, "I agree with you." The court later commented in regard to evidence of the girls' ages, "[t]he question is whether there's anything for the jury to find there and, you know, I would have to peremptorily instruct them if they believe all the evidence and that they find that element, I can't see there's any issue raised." (J.A. at 221.)
 
 
 16
 At the close of all the evidence, the court instructed the jury:
 
 
 17
 I have told you all along that the burden is on the government to prove the Defendant's guilt by evidence beyond a reasonable doubt and you have heard the term reasonable doubt several times in the courtroom since you have been here during jury selection last week and throughout the early parts of trial.
 
 
 18
 However, the Defendant having, as I indicated to you, taken the stand and admitted all of the matters that the facts which are necessary to prove the elements of the offense, it becomes clear that the only thing for you to determine in deciding his guilt or innocence, is whether he's established this affirmative defense that the statute permits but he doesn't have to do that by evidence beyond a reasonable doubt. So I want to make sure you understand now is that in the instructions that I'm going to give you in a moment, reasonable doubt has no application. Be governed by the standard of proof that the defendant bears on the issue that is before you when I start that which I will now do. (J.A. at 203-04.) (Emphasis added). The judge informed the jury that they were "the judges of the facts," (J.A. at 204), but later instructed the jury as follows:
 
 
 19
 The Defendant has admitted, in his testimony to you, that he did, in fact, knowingly engage in a sex act with the juveniles identified in counts one and two on the Fort Bragg military reservation and that he is twenty-three years of age. The evidence is undisputed that each of the girls was over twelve years of age but not yet sixteen years of age at the time the acts occurred. By simply (sic) calculation it also appears certain that each juvenile was more than four years younger than the Defendant at the time that the acts occurred. Thus, there is nothing remaining for the government to prove.
 
 
 20
 (J.A. at 209-10.) (Emphasis added). The court further instructed the jury that they were to decide the guilt or innocence of Davis by "deciding whether he reasonably believed that each of the juveniles had attained age sixteen at the time the acts occurred." (J.A. at 210.) The court continued, "[t]he burden of proof on this issue is on the defendant to prove to you, by a preponderance of the evidence, that, at the time he engaged in the sexual act in the count you are then considering, he reasonably believed that the juvenile involved had attained sixteen years of age." Id. In effect, the district judge held as a matter of law that the government had proven every element of the crime of statutory rape and that the only open question was the resolution of the conflict over the defendant's affirmative defense.
 
 III.
 
 21
 The Constitution, however, forbids a criminal conviction absent proof beyond a reasonable doubt of every fact or element necessary to constitute the crime charged. Sandstrom v. Montana, 442 U.S. 510, 520 (1979); In re Winship, 397 U.S. 358, 364 (1970). And, the Sixth Amendment commands that such determination be made by the jury and not by the judge. Thus, a judge in a criminal case may not direct a verdict for the government even though the evidence is overwhelming or undisputed and even though the court finds that no reasonable jury could acquit. So much was declared by the Supreme Court in United States v. Martin Linen Supply Co.:
 
 
 22
 Of course, as the Government argues, in a jury trial the primary finders of fact are the jurors. Their overriding responsibility is to stand between the accused and a potentially arbitrary or abusive Government that is in command of the criminal sanction. For this reason, a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict regardless of how overwhelmingly the evidence may point in that direction. The trial judge is thereby barred from attempting to override or interfere with the jurors' independent judgment in a manner contrary to the interests of the accused.
 
 
 23
 430 U.S. 564, 572-3 (1977) (citations omitted).
 
 
 24
 Moreover, whenever the judge gives an instruction preventing "the jury from considering a material issue, [that instruction] is equivalent to a directed verdict on that issue." Hoover v. Garfield Heights Mun. Court, 802 F.2d 168, 177 (6th Cir.1986), cert. denied, 480 U.S. 949 (1987). See also United States v. Sheldon, 544 F.2d 213, 221 (5th Cir.1976); Mims v. United States, 375 F.2d 135, 148 (5th Cir.1967). And the prohibition against an instruction of guilt in a criminal case applies equally to partial directed verdicts as it does to total directed verdicts. United States v. Kerley, 838 F.2d 932, 937 (7th Cir.1988); Hoover v. Garfield Heights Mun. Court, 802 F.2d at 177; United States v. Sheldon, 544 F.2d at 221. The instruction of a guilty partial or total verdict to the jury by the trial judge is thus plain error. Nor will the harmless-error doctrine apply so as to overcome such plain error. As the Supreme Court stated in Rose v. Clark:
 
 
 25
 Similarly, harmless-error analysis presumably would not apply if a court directed a verdict for the prosecution in a criminal trial by jury. We have stated that "a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict ... regardless of how overwhelmingly the evidence may point in that direction." This rule stems from the Sixth Amendment's clear command to afford jury trials in serious criminal cases. Where that right is altogether denied, the State cannot contend that the deprivation was harmless because the evidence established the defendant's guilt; the error in such a case is that the wrong entity judged the defendant guilty.
 
 
 26
 478 U.S. 570, 578 (1986) (citations omitted). Further, this exception to the harmless-error doctrine again applies equally to an instruction of a partial verdict as to a total verdict. Judge Posner, though expressing some dissatisfaction with this rule, recognized that Rose v. Clark required its acceptance in the case of a partial as well as an absolute direction of verdict against a criminal defendant, declaring in United States v. Kerley: Nevertheless, not only does the harmless-error doctrine not apply when the error consists in directing a verdict against a criminal defendant, Rose v. Clark, supra, 106 S.Ct. at 3106; it also does not apply when the judge directs a partial verdict against the defendant by telling the jury that one element of the crime--such as guilty knowledge in this case--has been proved beyond a reasonable doubt, so the jury needn't worry its collective head over that one. Sandstrom v. Montana, supra; LaFave & Scott, Handbook on Criminal Law 53 (1972).
 
 
 27
 838 F.2d at 937.
 
 IV.
 
 28
 The foregoing authorities unquestionably require a reversal of the conviction in this case. As we have said, the district judge instructed the jury that the government had established all the elements of the crime of which the defendant was charged and that the jury was not to consider such issues. This action constituted a plain partial verdict of guilt and a denial to the defendant of any right to have the jury determine whether the elements of the offense had been proved beyond a reasonable doubt. However well intentioned the district court, (and we do not question that the district judge thought that his action would be eminently fair, if not beneficial to the defendant) and despite the fact that the evidence establishing proof of the defendant's guilt was overwhelming and largely undisputed, the action of the district judge was plain error which cannot be overcome by the harmless-error doctrine. As Judge Posner stated in Kerley, "[S]ome errors are so disturbing that they are deemed plain, and hence reversible even if not properly preserved for appeal, though they probably made no difference to the outcome of the trial. And one of these is to direct a verdict against the defendant. See Rose v. Clark, supra, 106 S.Ct. at 3106." 838 F.2d at 932 (citation omitted).
 
 V.
 
 29
 It is suggested by the government that defendant's counsel did not object to the district judge's direction of a partial guilty verdict and that such fact would render the harmless-error doctrine applicable here. There are two answers to this argument. Judge Posner's language in Kerley, noted above, demonstrates that the harmless-error doctrine is inapplicable in a case such as is involved here "even if [the error has not been] properly preserved for appeal." 838 F.2d at 938. More importantly, the record shows unmistakably that counsel for the defendant did not consent to the instructions in question but objected as well and as strongly as she could in the face of the district judge's very clear contrary opinion.
 
 CONCLUSION
 
 30
 We accordingly reverse judgment of conviction herein and remand the cause to the district court for a retrial.
 
 
 31
 REVERSED AND REMANDED.
 
 
 
 *
 § 2243. Sexual abuse of a minor or ward
 (a) OF A MINOR.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engage in sexual act with another person who--
 (1) has attained the age of 12 years but has not attained the age of 16 years; and
 (2) is at least four years younger than the person so engaging; or attempts to do so, shall be fined under this title, imprisoned not more than 5 years, or both.
 * * *
 (c) DEFENSES.--(1) In a prosecution under subsection (a) of this section, it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the other person had attained the age of 16 years.
 (2) In a prosecution under this section, it is a defense, which the defendant must establish by a preponderance of the evidence, that the persons engaging in the sexual act were at the time married to each other.